UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIETHA Y. HUNTER,

       Plaintiff,

   v.

ATLANTA PUBLIC SCHOOLS,

       Defendant.

CIVIL ACTION NO.
1:18-cv-00869-JPB

## ORDER

This matter is before the Court on Plaintiff Marietha Hunter's ("Hunter")

Motion for Reconsideration ("Motion").  ECF No. 52.  After due consideration of

the Motion, the Court finds as follows:

## I.     BACKGROUND

Hunter's original complaint alleged numerous claims against Defendant

Atlanta Public Schools ("APS"), including under Title VII of the Civil Rights Act

of 1964, the Age Discrimination Employment Act, the Georgia Whistleblower Act

and the Americans with Disabilities Act ("ADA").  All claims, except those

brought under the ADA, were previously dismissed, and Hunter was granted leave

to file a Second Amended Complaint ("SAC").

APS thereafter moved to dismiss the SAC.  Hunter's response to APS'

motion consisted of a three-page "letter brief" that provided no argument or

citation of authority in support of her ADA claims.  The magistrate judge

recommended dismissal of the SAC with prejudice.

After conducting a *de novo* review of the magistrate judge's Report and

Recommendation,[1] the Court adopted the magistrate judge's recommendation and

dismissed the SAC with prejudice ("Dismissal Order").

Hunter now seeks reconsideration of the Court's dismissal order, arguing

that "(i) the Court erred in drawing all significant inferences against [Hunter] and

. . . (ii) dismissal with prejudice is manifest injustice to the extent that [APS']

mischaracterization of the allegations included in the SAC caused the Court to

dismiss [Hunter's] . . . claims."

## II.   **DISCUSSION**

"Courts may grant relief under Rule 59(e) or Local Rule 7.2E only if the

moving party clears a high hurdle."  *Chesnut v. Ethan Allen Retail, Inc.*, 17 F.

Supp. 3d 1367, 1370 (N.D. Ga. 2014).  Indeed, "[t]he only grounds for granting a

---

[1] The Court declined to consider Hunter's objections to the Report and Recommendation because none of the arguments set forth therein were made before the magistrate judge.  *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (stating that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."
*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Similarly, Local Rule 7.2(E) dictates that "[m]otions for reconsideration shall not be filed as a matter of routine practice" and may be filed only when "absolutely necessary." "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Thus, "neither Rule 59(e) nor Local Rule 7.2E affords a dissatisfied party an opportunity to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Chesnut*, 17 F. Supp. 3d at 1370. A motion for reconsideration is not "an opportunity to show the court how it 'could have done it better.'" *Bryan*, 246 F. Supp. 2d at 1259.

Here, Hunter's Motion offers arguments that were not raised before or considered by the magistrate judge and introduces allegations that were not set forth in the SAC. She had an opportunity to make those arguments in opposition to APS' motion to dismiss and allege those facts in her SAC. She did not. Instead,

her letter brief opposing APS' motion to dismiss contained no argument and cited no authority, and her *second* amended complaint failed to adequately plead her claims, even after the Court identified the deficiencies for her and gave her an opportunity to correct them.

Under these circumstances, there is no basis for reconsideration of the Court's Dismissal Order, and relief is not warranted.  Accordingly, Hunter's Motion (ECF No. 52) is **DENIED**.

**SO ORDERED** this 2nd day of August, 2021.

J. P. BOULEE
United States District Judge